UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF: )  Case No: B-1181055 C-13D
**EDWARD G. JONES,** )
**LINDA T. JONES,** )
             )
      Debtor(s) )
_____)

OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN

NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully objects to confirmation of the Debtors' plan pursuant to 11 U.S.C. §1325 and shows unto the Court the following:

1. The Debtors filed a petition under Title 11 of the United States Code, Chapter 13, on June 29, 2011, in the United States Bankruptcy Court for the Middle District of North Carolina.

2. On June 29, 2011, Richard M. Hutson, II, was appointed as Trustee.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Local Rule 83.11 entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. The plan filed by the Debtors proposes a monthly payment of $1,376.00 for a period of at least 36 months. No dividend is proposed to general unsecured creditors.

5. Ocwen Mortgage ("Ocwen") has filed a claim in the amount of $101,052.05 secured by the Debtors' real property at 112 Lanier Valley Drive, Durham, NC ("the real property"). The claim asserts ongoing monthly mortgage payments of $519.70 and an arrearage through September of 2011 in the amount of $2,421.29. The Debtors' plan proposes to pay the claim of Ocwen as a long-term debt through the Trustee's office and the arrearage as a secured claim.

6. Grove Park Homeowner's Association ("Grove Park") has filed a claim representing homeowner's dues secured by the real property. The claim asserts ongoing monthly assessments of $47.00 and an arrearage through September of 2011 in the amount of $5,790.91. The Debtors' plan proposes to pay the claim of

1

Grove Park as a long-term debt through the Trustee's office and the arrearage as a secured claim.

7. The Debtors' plan provides that the claim of Regional Acceptance ("Regional") secured by the Debtors' 2007 Pontiac shall be paid as fully secured with interest at the rate of 5.25% per annum in monthly installments of $212.44.

8. The Debtors' plan provides that the claim of Nicholas Financial ("Nicholas") secured by the Debtors' 2008 Chrysler shall be paid as secured in the amount of $12,041.00 with interest at the rate of 5.25% per annum in monthly installments of $251.92.

9. The Internal Revenue Service ("IRS") has filed a claim in the amount of $26,388.49 and asserts a secured portion of $3,020.34 and a priority claim of $21,428.83.

10. The Trustee objects to confirmation of the plan in that the Debtors' proposed plan payments are not sufficient to satisfy the long-term debts of Ocwen and Grove Park, the arrearage claims of Ocwen and Grove Park, the secured debt payments to Regional and Nicholas, the claim of the IRS, and all other secured and priority claims within the 60 month time limitation of 11 U.S.C. §1322(d).

WHEREFORE, the Trustee prays the Court for an Order as follows:

1. That the Debtors' plan not be confirmed in that the plan does not comply with 11 U.S.C. §1325 and the case be dismissed for cause pursuant to 11 U.S.C. §1307;

2. That, in the alternative, the Debtors' plan payments be increased to $1,695.00 per month for 60 months; or

3. For such other and further relief as the Court may deem just or proper.

This the 23rd day of August, 2011.

/s/ Benjamin E. Lovell
Benjamin E. Lovell
Attorney for the Trustee
State Bar No: 23266
P.O. Box 3613
Durham, N.C. 27702

CERTIFICATE OF SERVICE

  This is to certify that I have this day served a copy of the foregoing document upon John T. Orcutt, Esq., 6616-203 Six Forks Rd., Raleigh, NC 27615, Edward G. and Linda T. Jones, 112 Lanier Valley Dr., Durham, NC, 27703, and Michael D. West, Esq., U.S. Bankruptcy Administrator, PO Box 1828, Greensboro, NC 27402 by depositing a copy of same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

  This 23rd day of August, 2011.

                s/Benjamin E. Lovell
                Benjamin E. Lovell, Esq.
                Attorney for the Standing Trustee