UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:
**Edward Jones And Linda T. Jones**

Case No. 11-81055
Chapter 13

Social Security No. xxx-xx-4884 and xxx-xx-3715
Address:112 Lanier Valley Drive, Durham, NC 27703-

Debtors

**OBJECTION TO CLAIM**

**NOW COME** the Debtors above-named, through counsel, pursuant to 11 U.S.C. §502 and Bankruptcy Rule 3007, who respectfully object to the proof of claim filed by the creditor GROVE PARK COMMUNITY ASSOCIATION, INC. and dated July 12, 2011, for the following reasons:

1. The Debtors filed a petition for Chapter 13 relief on June 29, 2011.

2. On Schedule D, the Debtors listed Grove Park Community Association as a creditor, but further noted the balance in the far right column as being entirely unsecured.

3. On July 12, 2011, Grove Park Community Association, through its attorney, Jon P. Carr, filed a proof of claim, asserting a "total pre-petition debt of $5,649.91".

4. The Proof of Claim includes relevant portions of the Declaration of Covenants and Restrictions of Grove Park. While the Covenants state that the Association "shall have a lien against each Unit to secure payment of delinquent assessments", the Covenants make no mention of the method of perfection for the Association.

5. Pursuant to N.C. Gen. Stat §47F-1-102, and In re Guillebeaux, No. 05-83953, 361 B.R. 87 (Bankr.M.D.N.C. 2007), where a Declaration of Covenants does not specify a method for perfection of an assessment lien, N.C. Gen. Stat. § 47F3-116 governs perfection.

6. Pursuant to N.C.Gen Stat.47F-3-116, a past due assessment which more than thirty days delinquent "shall constitute a lien on that lot when a claim of lien is filed of record in the office of the clerk of superior court of the county in which the lot is located..."

7. Grove Park Homeowner's Association has not attached to their proof of claim evidence of a claim of lien filed with the clerk of superior court of the county in which the lot is located. Accordingly, the pre-petition arrearage claim should be disallowed as a secured claim, but allowed only as a general unsecured claim.

**WHEREFORE**, the Debtors pray that the Court enter an Order determining the claim to be unsecured.

Dated: September 30, 2011

        **LAW OFFICES OF JOHN T. ORCUTT, P.C.**

        /s Koury Hicks
        Koury Hicks
        N.C. State Bar No. 36204
        6616-203 Six Forks Road
        Raleigh, N.C. 27615
        (919) 847-9750

claimomd.wpt (rev. 9/28/10)

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:

**Edward Jones And Linda T. Jones**

Case No. 11-81055

Chapter 13

Social Security No. xxx-xx-4884 and xxx-xx-3715

Address:112 Lanier Valley Drive, Durham, NC 27703-

Debtors

**CERTIFICATE OF SERVICE**

I, , certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age and that on September 30, 2011. I served copies of the foregoing **OBJECTION TO CLAIM** electronically or, when unable, by regular first-class U.S. mail, addressed to the following parties:

GROVE PARK COMMUNITY ASSOCIATION, INC.

**Attn: Managing Agent**

C/O Elite Management Professionals, Inc.

1401 Sunday Drive, Ste. 116

Raleigh, NC 27607-

Jon P. Carr

Attorney for GROVE PARK COMMUNITY ASSOCIATION, INC.

PO Box 10669

Raleigh, NC 27605-

U.S. Bankruptcy Administrator

Richard M. Hutson, II

Chapter 13 Trustee

/sRenee Nolte

Renee Nolte